IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSE WADSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-932-WHA |
| | ) | [WO] |
| BILL FRANKLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Elmore County Jail, filed this 42 U.S.C. § 1983 complaint on October 31, 2018, against Sheriff Bill Franklin and Warden Mike Henline. He complains that on October 22, 2018, Defendants opened his legal mail.  Although Warden Henline sent Plaintiff a letter informing him his mail had been opened by the post office, Plaintiff indicates that he does not believe this explanation but believes his mail was opened intentionally at the jail. Plaintiff seeks justice and $250,000 in damages.

Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

On October 22, 2018, Plaintiff received mail from this court containing a form for filing a complaint under 42 U.S.C. § 1983. The envelope containing the form had been opened, presumably outside of his presence, and taped shut. Warden Henline informed Plaintiff in writing

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

that his mail had been opened by the post office, but Plaintiff asserts that a jailer informed him that he—the jailer—had taped it shut which Plaintiff maintains is proof his mail was opened at the jail. Doc. 1 at 2–3.

Plaintiff's allegation that on one occasion Defendants opened his mail from this court entitles him to no relief. A single mistake or occasional incident of mishandling of mail, legal or non-legal, does not state a claim under § 1983. *See Davis v. Goord,* 320 F.3d 346, 351(2d Cir. 2003) (finding allegation of two incidents of mail interference did not warrant relief where plaintiff failed to allege invidious intent or actual harm); *Florence v. Booker*, 23 Fed. Appx. 970, 972–973 (10th Cir. 2001) (finding that "single incident in which prison officials allegedly improperly opened legal mail" did not justify relief where plaintiff failed to "show either an improper motivation by defendants or denial of access to the courts"); *Berger v. White*, 12 Fed. App'x. 768, 771 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)) (finding that "isolated incidents of opening constitutionally protected legal mail, 'without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts,' do not support a civil rights claim."); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir.1997) (finding isolated incident of inadvertent opening of inmate's incoming legal mail, without evidence of improper motive or resulting interference with inmate's right to counsel or access to courts, does not rise to level of constitutional violation). Further, Plaintiff's complaint is devoid of any allegation that Defendants' alleged interference with his mail impeded or interfered with his ability to access the courts.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that a prisoner who contends he was deprived of access to the courts must show actual prejudice or harm as a "constitutional prerequisite"); *Hoever v. Belleis,* 911 (11th Cir. 2017) (finding inmate's challenge to correctional officer's conduct in inventorying and storing his personal and legal mail

did not establish an access to courts claim); *Lewis v. Cook County Bd. of Commr's*, 6 Fed. App'x.

428, 430 (7th Cir. 2001) (finding inmate's denial of access to courts claim insufficient because he

did "not describe a single legal case or claim that was in any way thwarted because the mail room

staff opened his legal mail."); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989); *accord*

*Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988).

At best, the matter about which Plaintiff complains reflects an isolated incident of mail

mishandling which is insufficient to establish a constitutional violation. Plaintiff also fails to allege

much less indicate that Defendants' conduct resulted from improper motivation. Finally, Plaintiff

does not allege that he suffered any actual injury as a result of Defendants' conduct in relation to

the delivery and receipt of his mail.  For these reasons, Plaintiff's complaint is subject to dismissal

under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted.

*See Hoever,* 703 Fed. App'x at 911; *White*, 886 F.2d at 723; *Lewis*, 518 U.S. at 351; *see also*

*Parratt v. Taylor*, 451 U.S. 527 (1981).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this complaint

be DISMISSED with prejudice and prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before November 19, 2018**, Plaintiff may file an objection. Any

objection filed must specifically identify the factual findings and legal conclusions in the

Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general

objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 5th day of November, 2018.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE